IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

JOHNE BURYCHKA,

    Plaintiff,

        v.

BEACHCOMBER CAMPGROUND, INC.,

    Defendant.

Civil No. 17-3627(RMB/KMW)

**OPINION**

**APPEARANCES:**

ROSENBAUM & ASSOCIATES
By: John F. Hanahan, Esq.
5 Split Rock Drive
Cherry Hill, New Jersey 08003
    Counsel for Plaintiff Johne Burychka

CONNOR WEBER & OBERLIES, P.C.
By: Michael S. Mikulski, II
Woodcrest Pavilion
Ten Melrose Avenue, Suite 450
Cherry Hill, New Jersey 08003
    Counsel for Defendant Beachcomber Campground, Inc.

**RENÉE MARIE BUMB**, UNITED STATES DISTRICT JUDGE:

Plaintiff Johne Burychka ("Plaintiff") brings this personal injury action against Defendant Beachcomber Campground, Inc. ("Defendant") based on injuries sustained when Plaintiff slipped and fell on an allegedly wet surface in the men's restroom near the pool at Defendant's campground.  This matter now comes before the Court upon Defendant's Motion for Summary Judgment [Dkt. No. 32].  For the reasons set forth herein, Defendant's Motion for Summary Judgment shall be **DENIED WITHOUT PREJUDICE**, however, this Court shall permit Defendant to refile its motion as indicated in this Opinion.

I.  FACTUAL AND PROCEDURAL BACKGROUND

On the morning of July 31, 2016, Plaintiff visited Defendant's Beachcomber Campground in Cape May, New Jersey, intending to spend a few days with his brother and his brother's wife, who were members of the campground.  That morning, Plaintiff and his brother spent about an hour lounging by the pool.  At approximately 12:30 p.m., Plaintiff went to use the bathroom facilities adjacent to the pool.  Upon entering the men's restroom, Plaintiff alleges that he immediately slipped and fell on a wet floor.  As a result of his fall, Plaintiff alleges that he sustained a hip fracture that required surgery.

Plaintiff contends that he did not notice any "standing water" on the floor when he entered the bathroom, but that after his fall, he observed that the tile floor was visibly wet "as if the floor was recently mopped." After his fall, Plaintiff claims that he was assisted by a security guard and a lifeguard, both of whom allegedly filled out written reports about the incident. Although Plaintiff initially declined an ambulance, after Plaintiff's pain did not subside, an ambulance was eventually called to assist Plaintiff.

On May 22, 2017, Plaintiff commenced this action against Defendant, arguing that Defendant is responsible for the injuries suffered when he slipped on the bathroom floor. Specifically, Plaintiff alleges that Defendant breached its duty of care by failing to maintain the bathroom floor in a safe condition. Now, this matter comes before the Court upon Defendant's Motion for Summary Judgment.

## II. **LEGAL STANDARD**

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might impact the "outcome of the suit under the governing law." <u>Gonzalez v. Sec'y of Dept of Homeland Sec.</u>, 678 F.3d 254, 261 (3d Cir. 2012). A

dispute is "genuine" if the evidence would allow a reasonable jury to find for the nonmoving party. Id.

In determining the existence of a genuine dispute of material fact, a court's role is not to weigh the evidence; all reasonable inferences and doubts should be resolved in favor of the nonmoving party. Melrose, Inc. v. City of Pittsburgh, 613 F.3d 380, 387 (3d Cir. 2010). However, a mere "scintilla of evidence," without more, will not give rise to a genuine dispute for trial. Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). Moreover, a court need not adopt the version of facts asserted by the nonmoving party if those facts are "utterly discredited by the record [so] that no reasonable jury" could believe them. Scott v. Harris, 550 U.S. 372, 380 (2007). In the face of such evidence, summary judgment is still appropriate "where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Walsh v. Krantz, 386 F.App'x 334, 338 (3d Cir. 2010).

The movant has the initial burden of showing through the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits "that the non-movant has failed to establish one or more essential elements of its case." Connection Training Servs. v. City of Phila., 358 F. App'x 315, 318 (3d Cir. 2009). "If the moving party meets its burden, the burden then shifts to the non-movant to establish that summary judgment is

inappropriate." Id. In the face of a properly supported motion for summary judgment, the nonmovant's burden is rigorous: he "must point to concrete evidence in the record"; mere allegations, conclusions, conjecture, and speculation will not defeat summary judgment. Orsatti v. New Jersey State Police, 71 F.3d 480, 484 (3d Cir. 1995); accord. Jackson v. Danberg, 594 F.3d 210, 227 (3d Cir. 2010) (citing Acumed LLC. v. Advanced Surgical Servs., Inc., 561 F.3d 199, 228 (3d Cir. 2009)("[S]peculation and conjecture may not defeat summary judgment."). Moreover, "the court need only determine if the nonmoving party can produce admissible evidence regarding a disputed issue of material fact at trial"; the evidence does not need to be in admissible form at the time of summary judgment. FOP v. City of Camden, 842 F.3d 231, 238 (3d Cir. 2016).

**III. ANALYSIS**

In its Motion for Summary Judgment, Defendant argues that Plaintiff's Complaint must be dismissed because Plaintiff has failed to produce any evidence to establish that Defendant had actual or constructive notice of the wet floor in the bathroom. In response, Plaintiff argues that Defendant has committed spoliation of evidence by failing to preserve and produce the incident reports allegedly created by the lifeguard and security guard who assisted Plaintiff after his fall. Thus, Plaintiff

argues that he is entitled to an adverse inference against Defendant. The Court finds both parties' arguments unpersuasive. As the parties failed to address the "mode-of-operation" doctrine, which this Court finds is applicable, the Court will deny the Motion for Summary Judgment.

### A. *Mode-of-Operation Doctrine*

In the typical case where a business invitee is injured on a business's premises, the business is liable for negligence to the invitee if the invitee proves that the business had actual or constructive knowledge of the dangerous condition that caused the accident. Prioleau v. Kentucky Fried Chicken, Inc., 223 N.J. 245, 257 (2015)(internal citations omitted). In Bozza v. Vornado, Inc., 42 N.J. 355, 359 (1964), the Supreme Court of New Jersey explained the standard as follows:

> "Generally, a proprietor's duty to his invitee is one of due care under all the circumstances. Thus, the defendant must use care not to injure plaintiff by negligent activity. Where invitees have been injured by a dangerous condition on the premises of a proprietor, our cases have stressed the proposition that the proprietor is liable for injuries to an invitee if he actually knew of the dangerous condition or if the condition had existed for such a length of time that he should have known of its presence." Id.

Although Plaintiff has failed to cite facts that demonstrate Defendant's actual or constructive knowledge of the wet bathroom floor, this Court finds that such facts are unnecessary because the "mode-of-operation" doctrine applies to the pool and bathroom

6

areas of Defendant's property.  Under the mode-of-operation doctrine, a plaintiff is relieved of the obligation to prove actual or constructive notice of a dangerous condition when, "as a matter of probability, a dangerous condition is likely to occur as the result of the nature of the business, the property's condition, or a demonstrable pattern of conduct or incidents." Nisivoccia v. Glass Gardens, Inc., 175 N.J. 559, 563 (2003).

As recognized by other courts in this district, the mode-of-operation principle "substantially alters" the premises liability standard by "giving rise to a rebuttable inference that the defendant is negligent, and obviates the need for the plaintiff to prove actual or constructive notice." See Lenherr v. Morey Org., Inc., 153 F.Supp.3d 662, 665 (D.N.J. 2015)(applying the mode-of-operation principle to a case in which plaintiff slipped on a misplaced mat at a water park).  In turn, the inference of negligence shifts the burden to the defendant, who can "negate the inference by submitting evidence of due care." Nisivoccia, 175 N.J. at 564.  This means that the defendant can avoid liability by showing that it did "all that a reasonably prudent man would do in the light of the risk of injury [the] operation entailed." Id. at 565.

The mode-of-operation rule is a "special application of foreseeability principles," developed in response to the inherent risks associated with "self-service" businesses. See Prioleau,

7

223 N.J. at 262. Generally, the self-service setting has been described as an environment "in which customers independently handle merchandise without the assistance of employees or may come into direct contact with product displays, shelving, packaging, and other aspects of the facility that may present a risk." Id. For example, courts have applied the mode-of-operation principle to businesses that require customers to serve themselves, by filling up drinks from self-service beverage dispensers or hand-picking produce from bins at the grocery store. Id. However, this principle has also been applied to the risks created by regular guest activity at a water park. See Lenherr, 153 F.Supp.3d at 668 ("Like patrons who fill their own drinks at the soda dispenser at a restaurant or select their own grapes or green beans from an open container in the supermarket, patrons of the water park serve themselves with the apparatus of the water park: patrons retrieve a mat from the storage area, carry it to the top of the water slide, use it to slide down the slide, and carry it out of the exit pool, down two stairs, and hand it to the mat lifeguard or return it to the mat corral themselves. The patrons at the water park also walk with tubes from one attraction to another, which is what plaintiff was doing when she fell.").

After reviewing the facts, as presented in the parties' briefing, this Court finds that the mode-of-operation doctrine

8

applies to the bathroom and pool area at Defendant's campground. At first glance, Defendant's campground may not stand out as an obvious "self-service" business.  However, any guest's independent use of a business's pool is inherently self-service. Although lifeguards may be stationed nearby to observe or intervene, guests generally enter and exit a pool without assistance.  Naturally, these guests have wet clothing when they exit the pool and will track water with them to facilities positioned nearby for guest use.  Common sense dictates that there is a substantial likelihood that guests will track water into bathrooms positioned near a pool, resulting in slippery and wet floors.  In this instance, it is irrelevant how the bathroom's tile floor got wet (either by a guest tracking in water or by an employee mopping the floor).  Dangerous conditions due to slippery and wet floors are reasonably likely to occur in a bathroom near a pool.

Accordingly, this Court finds that Plaintiff is entitled to an inference of negligence and is relieved of the obligation to prove that Defendant had actual or constructive notice of the dangerous condition that caused Plaintiff's accident. It is now Defendant's burden "to produce proof of performance of their duty of due care commensurate with the kind and nature of their business," including "proof of the measures they took to deal with the probability that" guests at the pool could track water

into the bathrooms and create a slip hazard. See Lenherr, 153 F.Supp.3d at 668 (internal citations omitted).

In the briefing on the Motion for Summary Judgment, neither party addressed the mode-of-operation doctrine. As such, the Court must deny the Motion for Summary Judgment. However, Defendant is invited to renew its Motion for Summary Judgment and set forth facts sufficient to meet its burden of production under the mode-of-operation rule. In response, Plaintiff must identify specific facts showing that there is a genuine issue for trial whether Defendant performed of its duty of due care.

### B.  *Spoliation of Evidence*

In response to Defendant's motion, Plaintiff argues that he is entitled to an adverse inference against Defendant due to spoliation of evidence. Specifically, Plaintiff claims that Defendant failed to preserve and/or produce incident reports allegedly filled out by the security guard and lifeguard who assisted him following his accident. Plaintiff argues that these reports would have detailed "what transpired" concerning Plaintiff's fall and would have revealed the identity of witnesses and those who prepared the reports. Without that information, Plaintiff argues that he has been unable to fully identify relevant witnesses and collect information.

In setting forth his argument, Plaintiff "assumes" the existence of the alleged incident reports based on statements by

Kenneth Gomez, the owner of the campground, that incident reports prepared in connection injuries requiring an ambulance are "supposed to be" stored in Defendant's computer system for later retrieval. However, by Plaintiff's own admission, there is no evidence that any reports were ever saved to the system. Furthermore, although the security guard and lifeguard were "supposed to" fill out incident reports, there is no evidence that they did so other than Plaintiff's vague assertion that he saw them write down information while they assisted him. Even if these reports existed, there is no evidence that they would have included the information alleged by Plaintiff.

To the extent Plaintiff argues that these incident reports exist and were never produced, or that Plaintiff was unable to identify and depose the relevant employees because Defendant refused to provide proper documentation, such arguments do not pertain to spoliation. Rather, those issues should have been raised before the Magistrate Judge during the discovery process, which is now closed.

Based on the vague facts and allegations set forth by Plaintiff, this Court cannot determine whether spoliation of evidence occurred. Regardless, Plaintiff's argument is a moot point because this Court is already making an adverse inference against Defendant based on the mode-of-operation doctrine.

**IV. CONCLUSION**

For the foregoing reasons, Defendant's Motion for Summary Judgment will be **DENIED WITHOUT PREJUDICE**. Defendant shall be afforded fourteen (14) days to file a renewed motion for summary judgment addressing the issues set forth in this Opinion.[1] An appropriate Order shall issue on this date.

DATED: June 14, 2019

                                        s/Renée Marie Bumb
                                        RENÉE MARIE BUMB
                                        UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Defendant's Statement of Facts was contained within its summary judgment brief and, therefore, failed to formally comply with Local Rule 56.1, which requires the movant to furnish a statement of material facts as "a separate document (not part of a brief)." See L. Civ. R. 56.1(a). If Defendant chooses to file a renewed motion for summary judgment, the parties are instructed to comply with Local Rule 56.1, as it pertains to both the initial filing and responsive briefs.